IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL L. DILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 07-CV-209-TCK-FHM |
| | ) |
| RANDALL WORKMAN, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response to the motion (Dkt. # 11). Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss should be granted.

### *BACKGROUND*

Petitioner was convicted by a jury of Assault With a Dangerous Weapon (Count I), Reckless Handling of a Firearm (misdemeanor) (Counts II and IV), Eluding an Officer (Count V), and Possession of a Firearm after Former Conviction of a Felony (Count VI), all after two or more felony convictions, in Tulsa County District Court, Case No. CF-03-1741. He was sentenced to twenty-five (25) years imprisonment and a $25,000 fine on Count I, six (6) months imprisonment on each of Counts II and IV; ten (10) years imprisonment and a $5,000 fine (Count V); and ten (10) years imprisonment and a $10,000 fine (Count VI), with the sentences in Counts I, V and VI ordered to be served consecutive, and the sentences in Counts II and IV to be served concurrent with the

sentence in Count I. Petitioner appealed his felony convictions to the Oklahoma Court of Criminal Appeals ("OCCA") where, on January 4, 2005, in Case No. F-2003-1245, his convictions were affirmed. (Dkt. # 10, Ex. 1). Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On March 23, 2006, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 10, Ex. 2. On July 19, 2006, the district court for Tulsa County held an evidentiary hearing on Petitioner's application, see id., and denied post-conviction relief by order filed October 12, 2006. (Dkt. # 10, Ex. 1, attached). Petitioner appealed. By order filed February 21, 2007, in Case No. PC-2006-1124, (Dkt. # 10, Ex. 3), the OCCA affirmed the denial of post-conviction relief.

The Clerk of Court received Petitioner's federal petition for writ of habeas corpus on April 16, 2007. (Dkt. # 1). Petitioner states in his certificate of mailing that he gave his petition to the law library supervisor for mailing on April 4, 2007. See Dkt. # 1 at 18.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on April 4, 2005, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on April 4, 2005, and, absent a tolling event, a federal petition for writ of habeas corpus filed after April 4, 2006, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts. On March 23, 2006, Petitioner filed an application for post-conviction relief. The application was filed 12 days prior to the April 4, 2006, deadline. Pursuant to § 2244(d)(2), the limitations clock stopped running on March 23, 2006, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding. The OCCA affirmed the denial

of post-conviction relief by order entered February 21, 2007. Therefore, the limitations clock began to run again on February 21, 2007, and Petitioner had to file his federal petition within 12 days, or by March 5, 2007. The petition in this matter was not received for filing until April 16, 2007, or more than a month out of time.

In response to the motion to dismiss (Dkt. # 11), Petitioner admits that his petition was not filed within the one-year period. He argues, however, that he is entitled to additional time for two reasons. First, he contends that he is entitled to application of the prisoner mailbox rule announced in Houston v. Lack, 487 U.S. 266 (1988). The Court agrees. But even if Petitioner is credited with filing his petition on April 4, 2007, the date reflected on his certificate of mailing and the earliest possible filing date apparent in the record before the Court, this petition was nonetheless filed beyond the March 5, 2007, deadline and is untimely.

Next, Petitioner asserts that he suffered an "external impediment" beyond his control which impacted his ability to file his petition within the one-year limitations period. See Dkt. # 11. Specifically, Petitioner claims that between July 10, 2005, and September 22, 2005, his facility, the Oklahoma State Reformatory ("OSR"), was on 24 hour lockdown due to a racial disturbance. Petitioner asserts that he is entitled to tolling of the one-year limitations period during that period, or for a total of 74 days. The Court disagrees. Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). "AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998)). To be entitled to equitable tolling of the limitations period, the record must indicate that the habeas petitioner has pursued his federal claims diligently. Miller, 141

F.3d at 978. In this case, Petitioner does not offer any explanation for his delay when he was not in lockdown. Furthermore, the prison conditions cited by Petitioner are not "rare and exceptional" circumstances entitling him to equitable tolling. The Court concludes that Petitioner did not diligently pursue his claims and for that reason, he is not entitled to equitable tolling of the limitations period.

Lastly, to the extent Petitioner has presented an argument that he is entitled to an extension of the limitations period under § 2244(d)(1)(B) as a result of the lockdown at OSR, the Court finds he has failed to present evidence demonstrating that the lockdown was a state impediment. The Supreme Court has recognized that lockdowns routinely cause delays in receiving legal materials, but also ruled that "so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury." Lewis v. Casey, 518 U.S. 343, 362 (1996); see also Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (analyzing lockdown as an impediment under § 2244(d)(1)(B), rather than under an equitable tolling theory, and concluding a lockdown may be an impediment affecting the date a conviction becomes final, but that petitioner has the burden of showing the lockdown was not "reasonably related to legitimate penological interests"); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998) (holding in 42 U.S.C. § 1983 suit that "[l]imitations may be placed on library access so long as the regulations are 'reasonably related to legitimate penological interests'"). In this case, even if the Court construes Petitioner's lockdown argument as one claiming an impediment under § 2244(d)(1)(B) extending the limitations period, Petitioner has not presented any evidence suggesting that the lockdown was not related to legitimate penological interests. See Akins, 204 F.3d at 1090.

The Court concludes that Petitioner is not entitled to equitable tolling or further extension of the limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

DATED THIS 11th day of February, 2008.

*[signature: Terence Kern]*

TERENCE KERN
UNITED STATES DISTRICT JUDGE